UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

ENTERED
AUG 2 4 2004

| | | |
|---|---|---|
| ROBIN P. BROWN, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | CV-04-CO-1273-W |
| | ] | |
| AMERICAN PUBLIC LIFE INSURANCE CO., et al., | ] | |
| | ] | |
| Defendant(s). | ] | |

MEMORANDUM OF OPINION

I.  Introduction.

Presently before the court is Plaintiff's Motion to Remand, filed on July 12, 2004. [Doc. # 4] and the Motion to Strike filed by American Public Life Insurance Company ("American") [Doc. #11]. In her motion, Plaintiff asserts that the case is due to be remanded because of a lack of complete diversity. American argues that the individual defendants "were misjoined and/or fraudulently joined to defeat federal jurisdiction" and thus their citizenship should be disregarded. [Def.'s Br., Doc. 8].

Upon due consideration, and for the reasons that follow, both motions will be granted.

II.   Facts.[1]

According to the complaint, Plaintiff, a resident of Alabama, applied with Sammy Gunter ("Gunter"), also a resident of Alabama, who was acting as an agent of American, to purchase health insurance from American on June 19, 2002. On June 24, 2002, American issued a policy of health insurance to Plaintiff based upon an application Plaintiff completed with Gunter. Plaintiff underwent surgery after first being pre-approved by Gunter. American subsequently denied Plaintiff's claim for health insurance benefits.

On the 21st day of May, 2004, Plaintiff filed a complaint against the defendants in the Circuit Court of Pickens County, Alabama. American removed this action on the 18th day of June 2004.

---

[1] For the purpose of considering the pending motion, the facts are accepted as alleged in the complaint. Recitation of the facts alleged by the plaintiff in this opinion is not to be construed as a verification that the allegations are true.

III.   Standard.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994).  For removal to be proper, the court must have subject-matter jurisdiction in the case.  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand.  See *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Since American removed the action, it bears the burden of establishing subject-matter jurisdiction.  See *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the defendant bears the burden of proving subject-matter jurisdiction in removed actions).

IV.   Discussion.

American asserts that this court has original jurisdiction of the case under 28 U.S.C. § 1332 based on the diversity of citizenship of the parties.

28 U.S.C. § 1332 does confer jurisdiction on federal district courts in cases between citizens of different states when the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

It is clear from the complaint and the lack of argument from the plaintiff that the jurisdictional amount is met. This court will therefore turn to the question of diversity.

American contends that the individual defendants should not be considered in determining if complete diversity exists because they "were misjoined and/or fraudulently joined to defeat federal jurisdiction." [Def.'s Br., Doc. 8]. "A party fraudulently joined to defeat removal need not join in a removal petition, and is disregarded in determining diversity of citizenship." *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983). The determination of the issue of fraudulent joinder will thus determine whether the removal was proper.

*Triggs v. John Crump Toyota, Inc.*, describes three situations where joinder will be deemed fraudulent:

The first is when there is no possibility that the plaintiff can

> prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440 (11th Cir.1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.,* 991 F.2d 1533 (11th Cir.1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker,* 709 F.2d at 1440. In *Tapscott,* 77 F.3d at 1355 (11th Cir.1996), a third situation of fraudulent joinder was identified--i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs,* 154 F.3d at 1287.

Demonstrating fraudulent joinder is indeed a difficult burden for the removing party to meet. The height of the bar is raised further by the fact that "[i]n addressing the issue of fraudulent joinder, the district court should resolve all questions of fact and controlling law in favor of the plaintiff. . . ." *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553,1561 (11th Cir. 1989).

American does not contend that the plaintiff fraudulently pled jurisdictional facts in her complaint but instead relies on the first and third situation described in *Triggs*. The first question presented to this court is whether American carried the burden of proving that "there is no possibility

the plaintiff can establish any cause of action against the resident defendant." "[T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Crowe v. Coleman,* 113 F.3d 1536, 1540 (11th Cir. 1997). "For a Plaintiff to present an arguable claim against an in-state defendant and, therefore, to require a case removed to federal court to be remanded to state court, the plaintiff need not show that he could survive in the district court a motion for summary judgment filed by that in-state defendant." *Crowe at 1541.*

American argues that the complaint fails to state a claim against individual defendant Aubrea M. Roberts. The court has reviewed the complaint and agrees with American. Plaintiff states no claim against Roberts in her complaint. Roberts will not be considered in determining if complete diversity exists.

With regard to Sammy Gunter, American argues that "Plaintiff cannot establish a cause of action against Gunter. . . ." [Notice of Removal ¶ 13]. American also insists that with regard to its joinder with Gunter, "there is no joint, several or alternative liability and [] the claim against [American]

has no real connection to the claim against [Gunter]." [Def.'s Br., Doc. 8]. The complaint does not read as American suggests.

Counts III, IV, V and VI each state causes of action against both American and Gunter when read along with paragraph one of the complaint. Paragraph one reads as follows: "Defendant, Sammy Gunter ("Gunter"), is over the age of 19 years and at all times relevant to this Complaint Gunter was acting as an agent of Defendant, American Public Life Insurance Company ("American")." [Compl. ¶ 1]. The initial paragraph of each count in the complaint adopts by reference the allegations of Count I, including paragraph one. Each count then concludes with a demand for judgment against "the Defendants," clearly including American. The complaint thus describes conduct Plaintiff claims was committed by Gunter acting as the agent of American and as such states a claim against both Gunter and American.

In its presentation to the court, American offered affidavit testimony to support its position that Gunter was not acting as its agent. [Ex. A Def.'s Br., Doc. 8].

In the remand context, the district court's authority to look into

the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims. Although [the] . . . district courts may look beyond the face of the complaint, . . . the district court is to stop short of adjudicating the merits of cases that do not appear readily to be frivolous or fraudulent.

*Crowe v. Coleman,* 113 F.3d at 1542.

Plaintiff has not asserted obviously fraudulent or frivolous claims and thus the joinder is not fraudulent. The court must stop short of subjecting the plaintiff to a summary judgment proceeding on the issue of Gunter's agency.

V.   Conclusion.

American has failed to show that Gunter was fraudulently joined to defeat federal jurisdiction. The court is of the opinion that it does not have diversity jurisdiction over the claims against the defendants. As a result, the case will be remanded to the Circuit Court of Pickens County, Alabama. The motion to strike will be granted. A separate order will be entered.

Done this 24 day of August 2004.

                                                              L. SCOTT COOGLER
                                                     UNITED STATES DISTRICT JUDGE